```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  JACKSONVILLE DIVISION
```

MARK KIRBY, on his own behalf and
others similarly situated,

        Plaintiff,

vs.                                    Case No. 3:06-cv-489-J-33MMH

FLOOR FACTORY OUTLET, LLC, a Florida
Limited Liability Corporation,

        Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the Joint Motion for Voluntary Dismissal with Prejudice filed by the parties in this case on August 11, 2006. The parties represent that Plaintiff Mark Kirby was offered full compensation for this Fair Labor Standards Act (FLSA) claim. The parties represent that Kirby's claims for back wages, liquidated damages, and attorney's fees have been resolved without compromise.

Under Lynn's Food Stores, Inc. v. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982), private settlements of FLSA cases are improper. See id. at 1352-53.[1] Instead, a district court may

---

[1] The Eleventh Circuit stated, "There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, 679 F.2d at 1352. The first way is by payment of back wages under the supervision of the Secretary of Labor. Id. at 1353. The second is by stipulated judgment entered by the court in litigation. Id. (emphasis added). This, of course, excludes private settlements.

1

enter a stipulated judgment on the agreement of the parties. Id. at 1353. Before entering a stipulated judgment on such an agreement, a district court must "scrutiniz[e] the settlement for fairness." Id. Moreover, in MacKenzie v. Kindred Hospitals, 276 F. Supp. 2d 1211 (M.D. Fla. 2003), the District Court determined that further scrutiny is not required where "the defendant represents that it has offered the plaintiff more than full relief, and the plaintiff has not disputed that representation." Id. at 1217.

Upon review of the parties' representation that Kirby's claims have been resolved without compromise under the FLSA, this Court finds that the settlement is a fair and reasonable resolution of this matter.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. That this cause be and the same is hereby dismissed with prejudice.

2. That the Clerk shall terminate any previously scheduled deadlines and pending motions, and close the case.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 24th day of August, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

2